ALABAMA GREAT SOUTHERN RAILROAD COMPANY v. TIDWELL.

LUMPKIN, J. 1. On the trial of a suit brought by one as an employee of a railroad company engaged in interstate commerce, for an injury alleged to have been received while so employed, and controlled by the provisions of the act of Congress known as the employer's liability act (34 U. S. Stat. at Large, 232; 35 Stat. at Large, 65), it was error to instruct the jury, in effect, that the burden of proof in the first instance was on the plaintiff to show that he was injured and damaged as set out in his declaration; that, upon his showing it, the burden would be upon the defendant to show that it used all ordinary and reasonable care and diligence to prevent the injury, or that the plaintiff by the exercise of ordinary and reasonable care could have prevented the injury to himself; that, if it showed either, the plaintiff could not recover, but if it showed neither, and if the plaintiff was injured and damaged as he contended, he could recover such amount as the jury might determine from the evidence. *Louisville & Nashville R. Co.* v. *Kemp*, 140 *Ga.* 657 (79 S. E. 558).

2. The charge that a fact might be established by direct or circumstantial evidence was not without support in the evidence, in view of the testi-

mony as to the circumstances, and the unusual violence of the jolt causing the injury, as tending to show that it was negligently caused.

3. The fourth and seventh grounds of the motion for a new trial were expressly abandoned in the brief of counsel for the plaintiff in error. As the case is to be tried again, the sufficiency of the evidence is not discussed.                        *Judgment reversed.    All the Justices concur.*
                                MAY 11, 1916.

Action for damages.    Before Judge Fite.    Dade superior court. July 19, 1915.

*Payne & Hale,* for plaintiff in error.